# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEANITA L. WILLIAMS, | ) |
|   Plaintiff, | ) |
| vs. | ) Case No. 4:25-cv-01253-MTS |
| MERCY HOSPITAL SOUTH, | ) |
|   Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. Doc. [3]. Upon review and consideration of the Motion, the Court will deny it. A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *accord Walker v. Price*, 900 F.3d 933, 935 (7th Cir. 2018) (Barrett, J.). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).

Here, Plaintiff has not established that she is indigent and unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). Indeed, she prepaid the filing fee in full. *Cf. id.* § 1915(a)(1). And, in any event, this employment discrimination case appears to be "one in which a contingent fee arrangement is feasible." *See Hudak v. Curators of Univ. of Mo.*, 586 F.2d 105, 106 (8th Cir. 1978) (affirming denial of motion for appointment of counsel); *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989) (per curiam) ("It is simply not true that the suits of individuals are generally financed by their personal means."). If

Plaintiff has trouble hiring an attorney to represent her in this case, it probably speaks more to the likelihood of her success in this case than her indigency. *See McSean v. Chamberlain*, 4:23-cv-1225-MTS, 2025 WL 2591642, at *2 (E.D. Mo. Sept. 8, 2025).

Besides that threshold issue, Plaintiff has not provided any explanation or indication why an appointed attorney is appropriate in this case. *See Phillips*, 437 F.3d at 794; *see also Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't*, 558 F. App'x 919, 923 (11th Cir. 2014) (per curiam) (noting that a district court should only appoint counsel to an indigent plaintiff "in exceptional circumstances"). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the legal and factual complexity of the case, the ability of the pro se litigant to investigate the facts and present her claim, and the existence of conflicting testimony. *Phillips*, 437 F.3d at 794. Here, Plaintiff did not even attempt to explain why appointed counsel is appropriate in this case. *See* E.D. Mo. L.R. 4.01(A) (providing that a moving party must file a memorandum in support of every motion that includes any relevant argument and citations to any authorities on which the party relies). For this additional reason, Plaintiff's Motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** without prejudice.

Dated this 23rd day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE